**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAMSUZZAMAN MOLLAH | : | |
| | : | |
| Appellant | : | No. 1253 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 5, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001848-2020

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 28, 2023**

Shamsuzzaman Mollah appeals from the judgment of sentence imposed following his convictions for abuse of corpse, unlawful use of a motor vehicle, and theft by unlawful taking.  We affirm.

The pertinent facts are as follows:

Daniel Torres drove to [Appellant's] house in Lansdale, Montgomery County, on the afternoon of April 28, 2018, with plans to go out for the night with [Appellant].  He parked his car near [Appellant's] house and the two eventually spent the evening at a club with a third friend.  [Appellant] and Torres returned to [Appellant's] house early the next morning, with Torres in possession of his car keys, wallet, and cellular phone.  Torres became sick while at [Appellant's] house and suffered an overdose.

Rather than call for emergency services, [Appellant] put Torres's body in a large trash bag and hid him in the trunk of Torres's vehicle, which had remained parked near [Appellant's] house since Torres had arrived the day before.  [Appellant] then drove the vehicle to the nearby parking lot of Twin Pines Apartment, leaving Torres' body in the trunk, and returned to his house on

foot. With Torres's family frantically searching for him, [Appellant] spent more than a week pretending to not know the whereabouts of [Torres]. Police eventually located Torres's partially decomposed body in the trunk of his vehicle on May 9, 2018. An investigation uncovered [Appellant's] actions[,] and he was arrested and charged with abuse of corpse, unauthorized use of a motor vehicle[,] and theft by unlawful taking.

Trial Court Opinion, 7/13/23, at 1-2 (cleaned up). The theft charge arose from Appellant taking Torres's wallet, cell phone, and car keys after Torres had died. *See id*. at 2 n. 6.

Following a bench trial, Appellant was convicted of all charges. Before sentencing, Appellant filed a motion for extraordinary relief, challenging the sufficiency of the evidence for his theft conviction. The Commonwealth opposed the motion, which the trial court denied. Appellant was subsequently sentenced to an aggregate term of eighteen to forty-eight months in prison, followed by one year of probation. Thereafter, Appellant filed this timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant proffers one question for our review: "Was the evidence insufficient to establish defendant's conviction for theft by unlawful taking where the Commonwealth failed to demonstrate that the decedent was alive at the time the property in question was taken?" Appellant's brief at 3.

In reviewing Appellant's contention, we bear the following legal principles in mind. A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. *See Commonwealth v. Smith*, 234 A.3d 576, 581 (Pa. 2020). Specifically,

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

- 2 -

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying this test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Boyer*, 282 A.3d 1161, 1171 (Pa. Super. 2022) (cleaned up).

Appellant challenges his conviction of theft by unlawful taking. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). The Crimes Code defines "property of another" to mean "property in which any person other than the actor is not privileged to infringe." 18 Pa.C.S. § 3901.

Citing *Bash v. Sommer*, 20 Pa. 159, 162 (Pa. 1852), a civil case involving slander, for the proposition that "a dead man cannot be an owner" for purposes of proving theft, Appellant contends that he is entitled to relief because the Commonwealth did not sufficiently prove that Torres was alive when Appellant took his property. Appellant's brief at 15. Further, Appellant argues that this Court has defined a person as "a living human being,

especially as distinguished from an animal or thing." *Id*. at 16 (citing *Commonwealth v. Newton*, 994 A.2d 1127, 1135 (Pa.Super. 2010)). Appellant therefore states that the Commonwealth failed to satisfy the "property of another" element of theft by unlawful taking because it did not establish that Torres was living when the theft occurred. *See* Appellant's brief at 17. Indeed, Appellant argues that the evidence showed that he took possession of these items "at the time he disposed of [Torres's] body." *Id*.

Appellant's argument is unavailing. First, the plain language of §§ 3901 and 3921(a) contains no requirement that the Commonwealth prove that the person whose property was taken must be living at the time of the offense. Phrased differently, the victim's earthly existence simply is not an element of theft by unlawful taking.

Moreover, it is well-settled that defendants can be convicted of theft offenses involving deceased victims. *See e.g.*, *Commonwealth v. Markman*, 916 A.2d 586, 612 (Pa. 2007) (concluding that the defendant was guilty of theft by unlawful taking for stealing a victim's car even though the victim was already deceased when the defendant stole it); *Commonwealth v. Figueroa*, 859 A.2d 793, 796 (Pa.Super. 2004) (holding that the defendant was guilty of theft by deception for transferring the property of a deceased owner). In this vein, Appellant's reliance upon *Newton* is inapt because our examination of the phrase "living human being" in that appeal concerned determining whether a person was fictitious, as opposed to deceased, for the purpose of identity theft. *Newton*, *supra* at 1135-1136. Ultimately, we held

- 4 -

that to convict a defendant of identity theft, the Commonwealth must prove that the defendant assumed the identity of a "living human being" as opposed to creating a fictitious identity. *Id*. As similar considerations concerning the victim's identity are not implicated in deciding whether a defendant committed theft by unlawful taking, *Newton* is not material to our review.

For the foregoing reasons, we have no cause to disturb Appellant's conviction for theft by unlawful taking.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023